Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to receive further evidence or rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence AFFIRMS in part and MODIFIES in part the Decision and Order of the deputy commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following which were agreed upon by the parties at the hearing before the deputy commissioner and in a Pre-trial Agreement dated 19 June 1995 as
STIPULATIONS
The Industrial Commission has jurisdiction of the parties and of the subject matter.
Plaintiff fell on the premises of Randolph County Community College on 18 February 1993.
Medical records from Pinehurst Orthopaedic Clinic marked as Stipulated Exhibit 1 were stipulated into evidence.
***********
The Full Commission adopts in part and modifies in part the findings of fact by the deputy commissioner and finds as follows
FINDINGS OF FACT
On 18 February 1993, plaintiff was enrolled as a full-time student in the photography program at Randolph County Community College. Plaintiff was in the toning room in the photography department demonstrating how to tone prints for the benefit of a fellow student. Plaintiff was standing in front of a long sink when he stepped onto a mat and fell down into a trench that was covered by the mat. Plaintiff unsuccessfully attempted to grab the sink as he fell down. Plaintiff experienced pain in his back immediately after he fell down.
A trench ran through the floor area of the toning room and other portions of the photography lab. Corrosive chemicals utilized in the toning process were released into this trench. The trench was covered by a metal plate that was in turn covered by a rubber mat. Neither the trench nor the metal plates could be seen as a result of the rubber mat. The metal plates covering the trenches were seated on a recessed lip surrounding the trench. The edge of the metal plate rested upon a metal insert in the lip such that the plates sat level with the floor when positioned in the recessed area.
The building where the toning room was located was erected in 1975. The trench system was constructed at that time for the purpose of removing corrosive chemicals.
From 1975 to 18 February 1993, the metal plates covering the trenches had never been replaced.
An inspection of the metal lip where the plate that plaintiff had stepped upon showed that it was rusted out.
The metal plate that plaintiff had stepped upon was rusted.
The deterioration of the metal plate and/or the metal lip was the cause of the collapse of the metal plate.
Bill Johnston, maintenance supervisor for twenty-four years for the defendant, had a duty to inspect and replace the metal plates installed in the trench system.
Bill Johnston knew that the metal plates covering the trench system had never been removed and replaced from 1975 to 18 February 1993.
Bill Johnston knew that corrosive chemicals were released into the trench system.
Bill Johnston knew or should have known that the corrosive chemicals would cause the metal plates to deteriorate.
There is no evidence that the metal plate that collapsed under the plaintiff's weight was ever inspected by anyone in the maintenance department. This particular metal plate was located in an area where Bill Johnson knew or should have known that students would travel.
Bill Johnston could have reasonably foreseen that the metal plate would corrode and collapse resulting in physical injury to a person such as plaintiff who was using the toning room in the photography department and stepped onto the rubber mat covering the trench. Mr. Johnson was negligent in failing to inspect and replace the corroded metal plates in the trench system.
As a result of the 18 February 1993 fall, plaintiff's preexisting back condition was significantly aggravated. Plaintiff's testimony concerning the increased pain and suffering he experienced following the 18 February 1993 fall is found to be credible.
The negligence on the part of Mr. Johnson while acting within the scope of his employment proximately caused the injury sustained by the plaintiff.
Plaintiff was not contributorily negligent for the injury which he sustained to his back.
Plaintiff sustained damages as a result of his fall of 18 February 1993. Plaintiff, who had been ambulatory prior to the fall had to use a wheelchair or cane for the remainder of the school year after his fall. As a result of his fall plaintiff has also sustained continuous pain and suffering including a reduction in his functional capacity, medical expenses in the amount of $2,253.73, and wage losses and loss of expected earnings as he was not able to accept a job offer at the end of the school year that would have paid $28,000.00-$30,000.00 per year.
***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows
CONCLUSIONS OF LAW
Bill Johnston was negligent in failing to inspect and replace the metal plates installed in the trench system.
The negligence of the above named employee was the approximate cause of the injuries sustained by plaintiff when he stepped onto the mat that covered the metal plate and fell down into the trench, thereby injuring his back.
Plaintiff was not contributorily negligent. N.C. Gen. Stat. § 143-291 et seq.
Plaintiff is entitled to an award of reasonable damages in the amount of $40,253.75 as a result of his injuries occasioned by the negligence of defendant's employee to include reimbursement for medical expenses, pain and suffering, loss of income and earning capacity, and loss of future income and earning capacity. N.C. Gen. Stat. § 143-291 et seq.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
ORDER
1. IT IS HEREBY ORDERED that defendant shall pay damages to plaintiff in the amount of $40,253.75.
2. Defendant shall pay the costs due this Commission.
 S/ ________________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ____________________________ COY M. VANCE COMMISSIONER
S/ ____________________________ J. RANDOLPH WARD COMMISSIONER
BSB:be